# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0758
Lower Tribunal No. 2022-CF-9914

_____

JESTER RAMOS PEREZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Vincent S. Chiu, Judge.

July 24, 2026

WHITE, J.

Jester Ramos Perez appeals the judgment and sentence rendered after he pled guilty to a charge of trafficking in methamphetamine. Perez challenges the trial court's denial of his motion to suppress. We write to address his argument that the traffic stop was invalid because the evidence was insufficient to show he violated section 316.089(1), Florida Statutes,[1] and to weigh in on a conflict between two of

---

[1] We reject Perez's other arguments on appeal without further discussion.

our sister courts. Because the trial court correctly denied the motion to suppress, we affirm.

## Background

The State charged Perez with trafficking in fourteen grams or more of methamphetamine. Perez filed a motion to suppress. At the hearing, Detective Cody Hammond testified that the basis for the traffic stop was two-fold: Perez exceeded the posted speed limit and Perez failed to maintain a single lane. As to Perez's failure to maintain a single lane, Hammond testified as follows:

**Q** Let's talk about what happened at that point.

**A** Once he got into the vehicle, he left the -- left the area. At that point, I also exited the parking lot, keeping a -- an eye on his vehicle as he was traveling. At that point, as he was traveling down the roadway, I observed him run off the roadway out of a -- out of his lane approximately two times, two separate instances.
. . . .

**Q** Okay. But that wasn't the only thing you observed?

**A** No. I observed him run -- run off the roadway to the left twice.

**Q** Okay. And is that, in and of itself, a traffic offense?

**A** Yes.
. . . .

**Q** Okay. Well, let's talk about the single lane. You said on your probable cause affidavit, that that's a violation of 316.089; is that correct?

**A** I believe that that's what's written in there.

2

**Q**     Okay. And you pointed out that 316.089, "A vehicle shall be driven entirely in a single lane." That's in your probable cause affidavit.

. . . .

**A**     Yeah. I see that here.

. . . .

**Q**     Okay. Well, (1) says, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such a lane until a driver has first ascertained that such movement can be made with safety." Okay. So it talks about "as nearly as practicable." Okay. So there is a margin of moving around the lane there, correct; according to this statute?

**A**     Moving within the lane? Are you --

**Q**     Well, as -- as nearly as practicable entirely within a single lane?

**A**     Yeah, as long as you're within a single lane.

**Q**     Okay. Do you know if he interfered with any other cars? If he cut off any other vehicles or any other vehicles had to take evasive action?

**A**     I don't recall, 'cause he was in the left lane, so when he left the lane, he was actually leaving the lane towards the median.

**Q**     Okay. So he wasn't interfering with any other traffic?

**A**     There were no vehicles to his -- from what I recall -- recall, to his left, because that was the median.

**Q**     Okay. And this two times that you said he went off, did he -- did he cross the line, or was he still within the --

**A**     No. He crossed the line.

**Q**     Okay. So his left tire got over the line and onto the outside of the line?

**A**     Correct.

3

**Q**  Okay. Was the tire -- was it both front and rear tire or -- or just one?

**A**  Both. I recall seeing his vehicle move entirely outside of that lane.

. . . .

**Q**  Well, I'm trying to figure out -- so this two -- were they back to back within seconds of each other or they --

**A**  Yeah. I recall -- I mean, he runs off the road, he comes back onto the roadway.

**Q**  Okay.

**A**  He's -- he's within his lane and then shortly thereafter, he runs off the road again.

**Q**  Okay.

**A**  And then back -- he comes back into his lane.

Among other things, Perez argued that there was insufficient evidence showing he violated section 316.089(1), Florida Statutes, to justify the traffic stop. The trial court, however, accepted Detective Hammond's testimony, found that the traffic stop was valid,[2] and denied the motion to suppress.

Later, the parties entered into a plea agreement. The trial court accepted that agreement, entered a judgment and sentence accordingly, and found that the motion

---

[2] The trial court also found the stop was justified based on Hammond's testimony that Perez exceeded the posted speed limit. We conclude this finding is supported by competent, substantial evidence and also affirm the denial of the motion to suppress on this basis.

to suppress was legally dipositive.  Perez reserved the right to appeal the denial of the motion.

<h2 style="text-align:center">Analysis</h2>

The statute in dispute states:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

§ 316.089(1), Fla. Stat. (2022).[3]  Perez argues that we should follow *Peterson v. State*, 264 So. 3d 1183 (Fla. 2d DCA 2019).  The State, on the other hand, urges us to adopt *State v. Howard*, 411 So. 3d 558 (Fla. 5th DCA 2025).

In *Peterson*, the Second District simply recited section 316.089(1), then pointed out that it had "refused to find a violation of this statute where a driver's failure to maintain a single lane did not endanger himself or herself or anyone else." 264 So. 3d at 1188 (citing *Crooks v. State*, 710 So. 2d 1041, 1043 (Fla. 2d DCA 1998)).  The court held that, "because there was no evidence that Peterson's crossing the white line on two occasions created a reasonable safety concern, . . . the traffic

---

[3] Although the 2022 version applies here, section 316.089 has remained unchanged since 1999.

5

stop could not be justified on [the] basis" of a section 316.089(1) violation. *Id.* at 1189.

In contrast, the *Howard* court first laid out fundamental principles of statutory interpretation. 411 So. 3d at 563. The Fifth District then applied those principles to section 316.089(1) and declared:

> In order to be immune from violating the statute at issue, one must drive their vehicle "as nearly as practicable entirely within a single lane[,]" and in addition, the vehicle "shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
> . . . .
> In accordance with this statutory language, this Court has held that, "irrespective of whether anyone is endangered[,]" a stop is valid for a violation of section 316.089(1), when the driver deviates "from his lane by more than what was practicable." *Yanes v. State*, 877 So. 2d 25, 26–27 (Fla. 5th DCA 2004).

*Id.* at 564. The court held that, because the testimony showed that Howard was "driving for at least 15 seconds between both the center and the right lane[, r]egardless of whether Howard affected any traffic or endangered anyone, [the] testimony established that the vehicle was not driven as nearly as practicable within a single lane." *Id.* Therefore, the court determined that the traffic stop was validly based on a violation of section 316.089(1). *Id.*

## Conclusion

After thoughtfully considering both opinions, we agree with *Howard*. Therefore, we conclude that, because Detective Hammond's testimony was

6

sufficient to show that Perez did not drive his vehicle as nearly as practicable entirely within a single lane, the trial court correctly found that the traffic stop was validly based on a section 316.089(1) violation.  Furthermore, we certify this decision to be in direct conflict with *Peterson*.  *See* art. V, § 3(b)(4), Fla. Const.

AFFIRMED; CONFLICT CERTIFIED.

STARGEL and BROWNLEE, JJ., concur.


Blair Allen, Public Defender, and Robert D. Rosen, Assistant Pubic Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Whitney Brown Hartless, Assistant Public Defender, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED